IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DOUGLAS ROY SYMMES, JR.,           )
                                   )
            Plaintiff,             )
                                   )
       v.                          )      1:20CV887
                                   )
CAPT. COVINGTON, et al.,           )
                                   )
            Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1.   The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* application, but failed to include the total of the deposits into his prison trust account in the six months prior to filing and did not sign the form.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

The Court also notes that Plaintiff's attempted claims are not sufficiently clear at this point. Plaintiff names forty-two Defendants, some of whom are located in Raleigh in the Eastern District of North Carolina, some of whom are located in this District, and some of whom are located in a location not listed. Plaintiff also fails to include addresses for most Defendants. Further, his statement of fact is a long, laundry list style rendition of persons and events in which Plaintiff raises numerous different complaints. Some relate to a disciplinary conviction for which Plaintiff already had lost gain time restored during a prior habeas corpus action (No. 1:19CV24). Plaintiff cannot challenge this conviction using an action under § 1983. In order to raise a claim related to that conviction under § 1983, Plaintiff would have to show that any remaining punishment constituted cruel and unusual punishment or another violation of Plaintiff's federal constitutional rights. The current Complaint does not appear to contain facts to attempt to satisfy these standards. Plaintiff also appears to raise claims related to the grievance process. However, there is no substantive due process right to a prison grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State). The Complaint also makes many allegations that can best be described as setting out unpleasant conditions, events, or policies. However, in order to state a claim under § 1983, Plaintiff would have to show extreme deprivations of basic human needs. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). Few, if any, of the allegations in the Complaint regarding prison conditions appear to even potentially rise to this high level. Finally, the Complaint mentions harms

that occurred to other prisoners. Plaintiff cannot raise a claim based on what happened to others. If Plaintiff refiles his case, he should narrow his claims and set them out clearly. He may also need to file claims related to events in the Eastern District of North Carolina in that court or file separate cases as to unrelated claims.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 13th day of September, 2021.

/s/ Joi Elizabeth Peake
United States Magistrate Judge